HENRY C. TAYLOR *vs.* WILLIAM LOOMIS *et al.*

PROVIDENCE—APRIL 24, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. District Courts. Demurrers.*

Where a demurrer to pleadings in a District Court is overruled, the correct practice is to proceed to trial and decision on the merits, the aggrieved party having the right to remove the case to the Appellate Division, for error, thereafter.

*Semble,* where a demurrer to pleadings in a District Court is sustained, the case is properly certified forthwith to the Appellate Division for review.

TRESPASS ON THE CASE for malicious attachment. Heard on defendants' exceptions to ruling of District Court overruling demurrer to declaration. Case remanded to District Court for further proceedings.

(1)    TILLINGHAST, J. This case is not properly before us. It was brought in the District Court of the Eighth Judicial District. The defendant demurred to the declaration, and the court, upon hearing, overruled the demurrer, whereupon the defendant filed exceptions, and the case was certified to this court for trial on the exceptions. This was error. The demurrer having been overruled in the District Court, the case should have proceeded to trial and decision on the merits, and then, if either party was aggrieved, the statute provides the proceedings to be had in order to remove the case to this

court. Gen. Laws R. I. cap. 250, §§ 12–18. These proceedings, in so far as they relate to taking questions of law to this court, are substantially similar to those contained in Pub. Stat. R. I. cap. 220, § 13, for the taking of questions of law, arising in special court actions, to the Supreme Court. And it was the uniform practice under that statute to dispose of the case on its merits in the special court before allowing a bill of exceptions. If the demurrer in the case before us had been sustained and exceptions taken by the plaintiff, then, as there would have been nothing further for the court to do, the case could properly have been certified here for review. But as it has not yet been disposed of in the District Court by a trial and decision on the merits, it must be remanded to that court for further proceedings.

Case remanded.

*Irving Champlin*, for plaintiff.

*William G. Rich*, for defendant.